## CLEVELAND RY CO v HROVAT

Ohio Appeals, 8th Dist, Cuyahoga Co

Decided May 11, 1931

Squire, Sanders & Dempsey, Cleveland, for Cleveland Ry. Co.

Locher, Green & Woods, Cleveland, for Hrovat.

636

LEVINE, J.

We agree with counsel for plaintiff in error that a duty develops upon a passenger in a taxicab to remonstrate with the driver, when he observes that the driver is negligent in the operation of the cab. The circumstances however, presented by the record, indicate that it all happened very suddenly; that from the very moment when defendant in error and his companions entered the cab of the DeLuxe Cab Company, there was a series of complications from which the driver sought to extricate himself without success.

The majority of this court reach the conclusion that there is some evidence which compelled the submission of the case to the jury upon the question of whether or not the motorman who operated the west-bound street car, by the exercise of care could have checked the speed of his street car and thus have avoided the injury.

Another assignment of error is that there was irregularity in the proceedings of the Common Pleas Court, following the submission of this case to the jury for deliberation, in that the jury having retired for deliberation afterwards sought information or instructions from the court on the law of the case; and the court erred in communicating and giving such information or instructions to the jury without notice to the parties to this cause or their counsel; and in communicating with the jury or giving such information or instructions not in the presence of the parties to this case or their counsel, and without bringing the jury into open court and in the presence of counsel for this cause before imparting such information and instructions to the jury, so as to have afforded the parties to this cause or their counsel an opportunity to be present at such proceedings and to take exception to the information and instructions so imparted to the jury.

The record discloses that about five minutes before the jury returned their verdict, the bailiff came to the judge with a written question from the jury in which they asked, "Shall we return a separate or joint verdict against the defendant"; in answer to which the judge said to the bailiff, "tell them if their finding is against both defendants, to return a joint verdict," which the bailiff did. The jury was not conducted into open court nor were the parties or their counsel notified.

The section of the code applicable in §11452 GC which reads as follows:

"After the jurors retire to deliberate, if they disagree as to the testimony, or desire to be further informed on the law of the case, they may request the officer in charge to conduct them to the court, which shall give the information sought upon matters of law, and also, in the presence of or after notice to the parties or their counsel, may state its recollection of the testimony upon a disputed point."

A long line of authorities is contained in the brief of counsel. We shall refer to a few. In the case of Cleveland Railway Co. v Evans, decided by the Court of Appeals of the Eighth District, July 1, 1926, it was held that there was irregularity in the conduct of the court and reversible error committed, when the trial judge himself went to the jury room to answer a question of the jury relating to the form of the verdict.

We quote from the opinion in the Evans case as follows:

"Once the bars are lowered and the doors will be open to all sorts of abuse. When the jury seeks information on any point, whether it concerns some point of law or merely the form of the verdict, such information should be forthcoming only in accordance with the provisions of the General Code, so as to afford parties the full opportunity to be present and take necessary exceptions if they so choose."

In the recent case of Benner v Krieger Cleaners & Dyers, Inc., (30 O. L. R., 106), this court held that the granting of further instructions to the jury in response to a request from them so to do, made during their deliberations, even though the jury was conducted into open court, constitutes reversible error where such instructions are given in the absence of counsel and without any effort being made to secure their presence.

This statement of law applies to all instructions where they deal with the court's recollections of the evidence or instructions on matters of law.

In the recent decision rendered by the Supreme Court of Ohio, (123 Oh St, 482), in the above case, the view herein expressed was affirmed in all particulars.

The argument presented by defendant in error to the effect that the conduct of the court in this case in forwarding instructions to the jury, through the instrumentality of the bailiff, was not prejudicial and that substantial justice has been done, would seem upon first glance to be plausible.

A closer analysis dispels that impression. The provisions of §11452 GC, are mandatory in their character and a failure to comply with these provisions must be regarded as affecting the substantial rights of the aggrieved party.

Under our system of jurisprudence, it was thought wise to separate the functions of the court from that of the jury. The law brooks no interference with the free and untrammeled exercise by the jury of the functions assigned to it by law, namely, to try the facts. The court instructs them as to the law, but the court's instructions must be given in the presence of counsel, or at least after counsel had been given a reasonable opportunity to be present, so as to afford counsel the right to take exceptions when he so desires and so to safeguard the rights of his client. The judge presiding at the trial is not permitted, under the law, to either directly or indirectly communicate with the jury while they are deliberating. There is but one method prescribed by law and that is the method set forth in §11452, GC, which has heretofore been set forth in full.

The court unquestionably failed to comply with the mandatory provisions of said section and prejudice to the aggrieved party

is therefore presumed.

The views herein expressed on the question of irregularity constitutes the opinion of the majority of the court. Judge Willis Vickery while agreeing to a reversal, does not agree with the ground set forth by the majority of this court. He bases his conclusion on another ground, namely, that the evidence contained in the record is not sufficient to justify a recovery against plaintiff in error. The entire court, however, under different grounds, agrees that the judgment of the Common Pleas Court must be reversed.

It is accordingly ordered that the judgment of the Common Pleas Court is reversed and the cause is remanded for a new trial.

WEYGANDT and VICKERY, JJ, concur in judgment.

VICKERY, J, concurring:

I agree with the judgment of the court in reversing the judgment in this case, but not upon the ground that is given. I do not think that in sending word that the Judge sent to the jury in this case, namely, "If the finding is against both defendants, return a joint verdict," in response to a written question from the jury in which they asked "Shall we return a separate or joint verdict against the defendants?" was within the meaning of our decisions and statute as to giving further instructions to a jury; nor is my view changed by having called to my attention the so-called Konigsburg case, decided October 25, 1926 by this court in which the trial court without the knowledge or consent of the parties, or notice to them, instructed the jury how they might answer special interrogatories, for doing which this court reversed the judgment of the Common Pleas Court and the Supreme Court in 116 Oh St, 640, intimated that it might have affirmed the judgment of reversal had that part of the record been in the bill of exceptions. What the trial court did in that case, I think was an instruction to the jury in a matter in which the court had no business to interfere, either with or without notification to the attorneys; nor is Evans v Cleveland Railway Co., No. 6707, decided by this court July 1, 1926, unreported, a case in point. In that case the judge went to the jury room and told the jury that he could not instruct them but they might ask him questions, and they proceeded to ask him questions as to what they might do under certain circumstances and what they might do under certain other circumstances and he answered their questions which I think was an instruction to the jury by indirection. He refused to instruct in so many words, but did instruct by answering several questions submitted to him by various members of the panel.

What the court did in the instant case is not in any way what the judge did in either of the two cases above mentioned. While I am firmly of the opinion that the court ought not to instruct the jury, I should hate to draw the line so fine that the court could not answer the question as it did in this case. And so, for this reason, I do not agree upon the ground upon which the case is reversed, but I do concur in the judgment for the record in this case, in my judgment, does not show any negligence upon the part of the Cleveland Railway Co., but it does show the greatest kind of criminal negligence upon the part of the Cab Company; nor do I think there is any contributory negligence shown upon the part of the plaintiff. There is no evidence, in my judgment, to show that either, especially none on the part of the conductor or motorman of the car with which the cab in which the plaintiff was riding came in contact and whose conductor and motorman the plaintiff charges as being negligent.

Therefore, while concurring in the judgment of reversal I do so on grounds other than those given by the majority of the court, and in order to make myself understood I have thought best to write this short concurring opinion.